OPINION
PER CURIAM.
Appellant Ronald Clifford Snee, Jr., appeals an order entered on August 27, 2009, by the United States District Court for the Western District of Pennsylvania, denying his motion for a preliminary injunction. We conclude that the appeal does not present a substantial question and will summarily affirm the District Court’s order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
I.
Because we write solely for the benefit of the parties, we will limit our discussion to those facts relevant to our decision.
Snee is a prisoner confined at the State Correctional Institution at Forest, Pennsylvania. In June 2009, Snee filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Pennsylvania, challenging the legality of his custody.[1] Among other things, Snee claims to be in possession of a *283 certified order directing his immediate release from prison.
During the proceedings, Snee moved the District Court for a temporary restraining order (“TRO”) or preliminary injunction, claiming that the Pennsylvania Department of Corrections (“DOC”) wrongfully confiscated certain legal documents from his cell. Snee argued that he could not proceed with his habeas corpus petition without the confiscated materials and thus faced irreparable harm. He also argued that the public interest favors access to the courts and that he ultimately has a strong likelihood of success on the merits of his habeas corpus petition.
Because the District Court had referred the habeas corpus petition to a Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), the Magistrate Judge held a telephone hearing concerning, among other things, Snee’s motion for a TRO or preliminary injunction. During the hearing, the Commonwealth argued that the materials were related to the Uniform Commercial Code (“UCC”) and that prison officials confiscated them pursuant to written DOC policy prohibiting inmate possession of UCC-related materials.[2] See DC-ADM 803, 815. In response, Snee did not dispute the DOC’s classification of the materials as UCC-related contraband. Instead, he argued that DOC policy can never supersede an individual’s constitutional right of access to the court system.
The Magistrate Judge concluded that Snee had been able to adequately access the courts in the absence of the confiscated material. She observed that Snee had already filed his habeas corpus petition and that no further briefing was necessary. The Magistrate Judge determined that she would not interfere with the prison’s security decision concerning the disputed materials. She therefore denied Snee’s motion.[3]
Snee appealed the Magistrate Judge’s decision to the District Court. See 28 U.S.C. § 636(b)(1)(A). The Commonwealth responded by arguing, as it had in the hearing before the Magistrate Judge, that the materials were properly confiscated as contraband pursuant to written DOC policy prohibiting UCC-related material. In particular, the Commonwealth argued that the materials relate to the so-called “Redemption” theory, through which some prisoners attempt to obtain fraudulent UCC liens against prison officials in order to extort their release from prison. See Monroe v. Beard, 536 F.3d 198, 203 n. 4 (3d Cir.2008) (describing the “Redemption” theory). On August 27, 2009, the District Court issued an order concluding that the Magistrate Judge’s ruling was not clearly erroneous or contrary to law. Accordingly, the District Court denied relief.
Snee filed a timely pro se notice of appeal from the District Court’s order. On September 18, 2009, the Clerk informed the parties that this matter would be considered for possible summary action pursuant to 3d Cir. L.A.R. 27.4 and I.O.P. 10.6 and invited the parties to submit written argument. Snee filed a response that opposes summary action and also moves this Court to issue a TRO or injunctive relief.
*284 II.
We have jurisdiction to review the District Court’s order pursuant to 28 U.S.C. § 1292(a)(1).[4] We “review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof.” Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir.2004). The scope of our review is limited and the burden on the party seeking reversal is high. Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980). We may summarily affirm if this appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.
A preliminary injunction is an “extraordinary remedy.” Kos, 369 F.3d at 708. In order to obtain a preliminary injunction, Snee was required to establish four elements: a likelihood of success on the merits, irreparable injury, a favorable balance of the hardships, and consistency with the public interest. Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir.1990). Failure to establish any element renders a preliminary injunction inappropriate. Nutrasweet, 176 F.3d at 153. In this case, Snee did not establish the necessary elements for issuance of a preliminary injunction. Accordingly, he has failed to establish that the District Court abused its discretion in denying his motion.
Snee primarily argues that the DOC’s confiscation of his UCC-related legal materials violated his constitutional right of unimpeded access to the court system. Contrary to Snee’s position, we have held that prisoners do not have an unrestricted constitutional right of access to legal materials. See Monroe v. Beard, 536 F.3d 198, 207-10 (3d Cir.2008). In Monroe, we concluded that a DOC policy permitting confiscation of prisoners’ UCC-related materials was not constitutionally unreasonable, particularly in light of “the DOC’s interest in protecting government officials from fraudulent liens.” Monroe, 536 F.3d at 208. Snee has offered nothing to convince us that our holding in Monroe should not apply to his claim. He therefore has not established a likelihood of success on the merits.[5] He also has not established that he suffered an irreparable injury due to the prison’s alleged infringement of his constitutional rights. See id. at 208-09.
We also conclude that Snee has not established that the public interest or the balance of the hardships weigh in his favor. While Snee has argued on appeal that he requires the confiscated documents in order to present his habeas corpus petition, we see no error in the Magistrate Judge’s conclusion, affirmed by the District Court, that Snee has already ade *285 quately accessed the court system and has presented his habeas corpus petition. See Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (to establish an unconstitutional denial of access to the courts, a prisoner must show, inter alia, a lost opportunity to pursue a nonfrivolous claim). Our review of the record reflects that, thus far, Snee has been able to adequately articulate his ha-beas corpus claims in the absence of the confiscated documents. In addition, Snee offers nothing to establish that his claim to the UCC-related materials outweighs the DOC’s legitimate security interest in protecting its officials from fraudulent UCC liens. See Monroe, 536 F.3d at 208.
Finally, Snee argues that the District Court acted arbitrarily by failing to rule upon his preliminary injunction motion in an expeditious manner. The record reflects that Snee first sought a preliminary injunction in June 2009, the Magistrate Judge held a hearing and issued a ruling in July 2009, and the District Court disposed of Snee’s appeal from the Magistrate Judge’s decision in August 2009. We conclude that Snee’s claim of unreasonable delay lacks any factual basis.
III.
We find no abuse of discretion in the District Court’s decision not to issue a preliminary injunction. Accordingly, because this appeal does not present a substantial question, we will affirm the District Court’s order. Snee’s motion for a TRO or preliminary injunction is denied.

. There is a dispute over whether Snee filed his habeas corpus petition pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241.

. DOC policy also sets forth grievance procedures through which the prisoner is permitted to oppose the confiscation and explain any legitimate basis for possessing UCC-related materials. See DC-ADM 803.

. Although the docket entry does not set forth the Magistrate Judge's disposition of Snee’s TRO/preliminary injunction motion, see Docket entry for July 30, 2009, it is clear that the Magistrate Judge denied the motion at that time. See, e.g., Docket No. 16 at 11-12 (hearing transcript).

. An immediate appeal may not normally be taken from an order granting or denying a temporary restraining order. See Nutrasweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 692 (3d Cir.1997). At times, it is difficult to distinguish which form of relief has been invoked. See id. However, temporary restraining orders are of extremely short duration and typically issue without notice to the opposing party. See Fed.R.Civ.P. 65(b). In this case, although Snee purported to request both forms of relief, he raised the issue by formal motion with notice to the Commonwealth. Accordingly, we view the motion as requesting a preliminary injunction.

. Snee has not disputed the DOC’s classification of the confiscated materials as UCC-related contraband, although he argues that the materials do not pertain to fraudulent UCC liens. Snee states that "[t]he use of the UCC in the documents was scholarly legal analysis of the Inhabitant’s fundamental rights challenging his fraudulent conviction.” We note that the record does not reflect whether Snee exhausted his administrative remedies by challenging the confiscation of the UCC-related materials through the prison’s grievance process.